_____CASE CLOSED____

**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

IN RE ANTHONY P. BUNN

Civil Action No. 93-531(SDW)

**OPINION**

October 2, 2007

**WIGENTON, District Judge**

Before the Court is a letter dated July 23, 2007 by Anthony Bunn in which he requests an expungement of his criminal conviction. The Court will treat the letter as a motion for reconsideration of the May 23, 2007 Order, which denied Mr. Bunn's initial request for an expungement of his criminal conviction.

In support of the motion for reconsideration, Mr. Bunn reiterates arguments that were considered by the Court before it issued the May 23, 2007 Order, which properly denied his request for an expungement. There is no reason to reconsider these arguments, and the May 23, 2007 Order stands.

Mr. Bunn makes one new argument in support of his motion for reconsideration. He states that "perhaps the most important reason why my case should be expunged is because my constitutional right to a timely resolution of this matter was violated." (Letter from Anthony Bunn dated July 23, 2007.) Mr. Bunn explains that after signing the plea agreement, it took four years to appear in court to plead guilty and five years before serving the sentence. *Id.* Mr. Bunn contends that the delay was excessive and violative of his right to a speedy resolution of his criminal case. Until now, he has not made a claim under the Speedy Trial Act, 18 U.S.C. §§ 3161 *et seq.*

The U.S. Court of Appeals for the Third Circuit agrees with other Circuit Courts that "the right to a speedy trial is non-jurisdictional, and is therefore waived by an unconditional and voluntary guilty plea." *Washington v. Sobina*, 475 F.3d 162, 166 (3d Cir. 2007) (citing *United States v. Coffin*, 76 F.3d 494, 496 (2d Cir. 1996); *Nelson v. Hargett*, 989 F.2d 847, 850 (5th Cir. 1993); *Cox v. Lockhart*, 970 F.2d 448, 453 (8th Cir. 1992); *United States v. O'Donnell*, 539 F.2d 1233, 1237 (9th Cir. 1976); *United States v. Yunis*, 723 F.2d 795, 796 (11th Cir. 1984)). Mr. Bunn voluntarily signed an unconditional guilty plea. The argument that he "might have taken a different legal route in defending himself" had he known that it would take five years to start serving his sentence (Letter from Anthony Bunn dated July 23, 2007) does not change the fact that he voluntarily signed an unconditional plea agreement. By signing the plea agreement, Mr. Bunn waived his right to assert a speedy trial claim. Thus, the motion for reconsideration is denied with prejudice.

An Order follows.

**S/SUSAN D. WIGENTON, U.S.D.J.**

cc: Judge Madeline Cox Arleo